IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KLINE, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : No. 08-3238 |
| | : |
| PFIZER, INC., | : |
| | : |
| Defendant. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                           **JANUARY 6, 2009**

Presently before the Court is Plaintiff Brian Kline's ("Kline") Motion for Partial Reconsideration of the Order Dismissing Counts V and VI of Kline's Complaint. For the reasons set forth below, Kline's Motion for Partial Reconsideration is denied.

**I.   FACTS**

Defendant Pfizer, Inc. ("Pfizer") is a prescription drug manufacturer responsible for the manufacture and distribution of the prescription smoking cessation drug, Chantix. Kline was prescribed and began using Chantix in July 2007. Shortly thereafter, Kline asserts that he began experiencing "manic behavior, aggressive and violent behavior and diagnosis of psychotic disorder for which [he] was hospitalized in August 2007." (Compl. ¶¶ 11, 19.) On July 10, 2008, Kline filed a Complaint against Pfizer in this Court, asserting a host of claims, including: negligence (Count I); strict liability (Count II); breach of express warranty (Count III); breach of implied warranty (Count IV); fraudulent misrepresentation (Count V); fraudulent concealment (Count VI); reckless and/or negligent misrepresentation & concealment (Count VII); gross negligence (Count VIII); and unjust enrichment (Count IX). Pfizer moved to dismiss the

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 9, 2008. Kline filed his Response in Opposition on October 7, 2008. On October 31, 2008, this Court entered an Order dismissing Counts II, III, IV, V, VI, VIII and IX of Kline's Complaint. On November 10, 2008, Kline filed a Motion for Partial Reconsideration of this Court's Order of October 31, 2008. With this Motion, Kline asks this Court to reconsider its dismissal of Count V (fraudulent misrepresentation) and Count VI (fraudulent concealment).

## II.     STANDARD OF REVIEW

"The United States Court of Appeals for the Third Circuit has held that the purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994). Accordingly, a district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993). Federal courts have a strong interest in the finality of judgments, and motions for reconsideration should be granted sparingly. Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Dissatisfaction with the Courts ruling is not a proper basis for reconsideration. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Therefore, a motion for reconsideration should not be used as a vehicle to "reconsider repetitive arguments that have already been fully examined by the court." EEOC v. Dan Lepore & Sons Co., No. 03-5462, 2004 WL 569526, at *2 (E.D. Pa. March 15, 2004).

## III.    DISCUSSION

As discussed at length in this Court's opinion of October 31, 2008, the Pennsylvania Supreme Court has determined that negligence is the sole theory upon which a plaintiff may recover against a prescription drug manufacturer in a suit based upon the manufacturer's failure to warn.  <u>Hahn v. Richter</u>, 673 A.2d 888, 891 (Pa. 1996); <u>see also</u> <u>Colacicco v. Apotex,, Inc.</u>, 432 F. Supp. 2d 514 (E.D. Pa. 2006).  Accordingly, Kline does not contend that his fraud claims remain viable under a failure to warn theory; rather, he asserts that his claims for fraudulent misrepresentation and concealment should not have been dismissed because his Complaint is not limited solely to a claim for failure to warn.  In support of this contention, he points to the first paragraph of his Complaint, which reads: "This is an action for damages relating to the Defendant's design, manufacture, sale, testing, marketing, advertising, promotion, and/or distribution of the unsafe drug varenicline, tradename Chantix."  (Compl. ¶ 1.)

Nonetheless, a review of the fraud allegations set forth in Kline's Complaint reveals that these claims are rooted in a theory of failure to warn.  The allegations making up Kline's claims for fraudulent misrepresentation and concealment are contained in paragraphs 182-205 of his Complaint.  With regard to these claims, Kline specifically asserts:

> 182. At all relevant times, Defendants knew of the use for which CHANTIX, [sic] was intended and expressly and/or impliedly warranted their respective drug was of merchantable quality and safe and fit for such use.
>
> 183. Defendants' superior knowledge and expertise, their relationship of trust and confidence with doctors and the public, their specific knowledge regarding the risks and dangers of CHANTIX and their intentional dissemination of promotional and marketing information about CHANTIX for the purpose of maximizing its sales, [sic] each gave rise to the affirmative duty to meaningfully disclose and provide all material information about the risks and harms associated with the drugs.

184. Defendants fraudulently represented to Plaintiff, Plaintiff's physicians, and other persons and professionals on whom it was known by Defendants that Plaintiff would rely, as well as the public at large, that the [sic] CHANTIX was safe to ingest and that the utility of this product outweighed any risk in use for their intended purposes. Also, by negligently failing to disclose to Plaintiff, and others for the benefit of Plaintiff, important safety and injury information, thereby suppressing material facts about the drug, while having a duty to disclose such information, which duty arose from their actions of making, marketing, promoting, distributing and selling pharmaceutical products to Plaintiff and others, Defendants further led Plaintiff to rely upon the safety of the product in its use.

185. The false representations of Defendants were fraudulently made, in that the subject drug products in fact caused injury, were unsafe, and the benefits of their use were far outweighed by the risk associated with use thereof.

186. Defendants, individually and collectively, committed acts of intentional misrepresentation and intentional concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of the subject drug.

187. Defendants knew or should have known that their representations and/or omissions were false. Defendants made such false representations with the intent or purpose that Plaintiff and Plaintiff's physicians would rely upon such representations, leading to the use of the subject drugs by Plaintiff.

188. Defendant made fraudulent misrepresentations with respect to CHANTIX in the following particulars:
    a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that CHANTIX had been tested and found to be safe and effective as an aid to smoking cessation; and
    b. Defendant represented that CHANTIX was as safe and/or safer and/or more efficacious than other alternative medications.

189. Defendant knew that these representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of CHANTIX to consumers, including Plaintiff, and to the medical community.

190. Defendant made these misrepresentations with the intent that doctors and patients, including the Plaintiff, rely upon them.

191. Defendant's misrepresentations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of CHANTIX.

192. Plaintiff's doctors, and others, relied upon the representations to Plaintiff's detriment.

193. Defendant's fraudulent representations evince its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

194. Defendants made affirmative misrepresentations; [sic] and fraudulently concealed material adverse information regarding the safety and effectiveness of CHANTIX.

195. Defendants made these misrepresentations and actively concealed adverse information at a time when Defendants knew or had reason to know that CHANTIX had defects and was unreasonably dangerous and was not what Defendants had represented to the medical community, the FDA and the consuming public, including Plaintiff.

196. Defendants omitted, suppressed and/or concealed material facts concerning the dangers and risk of injuries associated with the use of CHANTIX including, serious injury and/or death.

197. Furthermore, Defendants' purpose was willfully blind to, ignored, downplayed, avoided, and/or otherwise understated the serious nature of the risks associated with the use of CHANTIX in order to increase sales.

198. The representations and concealment were undertaken by Defendants with an intent that doctors and patients, including Plaintiff, rely upon them.

199. Defendants' representations and concealments were undertaken with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of CHANTIX.

200. Defendants' fraudulent representations evinced their callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

201. Plaintiff's physician and Plaintiff relied on and were induced by Defendants' misrepresentations, omissions, and/or active concealment of the dangers of CHANTIX in selecting treatment.

202. Plaintiff and the treating medical community did not know that the representations made by Defendants were false and were justified in relying upon Defendants' representations.

203. Had Plaintiff been aware of the increased risks of serious injury and/or death associated with CHANTIX and the relative efficacy of CHANTIX compared with other readily available alternative smoking cessation therapies, Plaintiff would not have taken CHANTIX.

204. As a direct and proximate result of Defendants' fraudulent misrepresentations and intentional concealment of facts, upon which Plaintiff reasonably relied, Plaintiff suffered injuries and sustained damages for which Defendants are liable.

205. As a direct and proximate consequence of Defendant's negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, the Plaintiff sustained injuries and damages alleged herein including specifically those outlined in this Complaint under Subsection B "Plaintiff's Injuries and Damages".

(Compl. ¶¶ 182-205.)  While Kline attempts to characterize these claims as "so much more than a failure to warn claim" (Kline Mot. 12), these claims do, in fact, assert liability against Pfizer for failure to warn.  The very basis of these claims is that Pfizer knew of the dangers associated with Chantix but fraudulently concealed this knowledge and fraudulently misrepresented that the drug was safe by failing to warn of its dangers.  (See Compl. ¶¶ 182-205.)  Thus, the very crux of these claims rests on a failure to warn theory of liability.

Additionally, Kline points to the cases of Woodward v. Dietrich, 548 A.2d 301 (Pa. Super. Ct. 1988) and Taylor v. Danek Med., Inc., No. 95-7232, 1998 U.S. Dist. LEXIS 20265 (E.D. Pa. Dec. 29, 1998) for the proposition that Pennsylvania law imposes liability upon defendants for fraudulent misrepresentation.  However, neither case is applicable to the current analysis, as neither deals with prescription drugs.  Woodward is a case brought under Restatement Second of Torts § 531, dealing with a builder who fraudulently misrepresented that a building's sewer systems were up to code.  548 A.2d at 303.  Taylor is a case wherein the plaintiff brought a fraud claim under Pennsylvania law against a bone screw manufacturer.  1998 U.S. Dist. LEXIS 20265, at *3.  While both cases deal with fraud generally, neither deals with fraud in the context of prescription drugs.  As we have already held that Kline's fraud claims assert liability against Pfizer for failure to warn, Kline's claims are governed by the holding of Hahn.  The Hahn Court has explicitly stated that in the context of prescription drugs, "[s]ince the strict liability rule of § 402A is not applicable, the standard of care required is that set forth in § 388 of the Restatement . . . .  Under this section, the supplier has a duty to exercise reasonable care to inform those for whose use the article is supplied of the facts which make it likely to be

dangerous." 673 A.2d at 890.  As such, negligence is the sole theory upon which a plaintiff can recover against a prescription drug manufacturer for failure to warn.  Id. at 891.  Neither Woodward, nor Taylor, addresses liability for fraud in the prescription drug context, and therefore, neither changes the analysis under Hahn.

      Similarly, Clark v. Pfizer, a case which does address fraud in the context of prescription drugs, nonetheless, does not support Kline's argument that his fraud claims should not have been dismissed.  No. 1819, 2008 Phila. Ct. Com. Pl. LEXIS 74 (Mar. 14, 2008).  Kline cites Clark for the proposition that a plaintiff can maintain a fraud claim against a prescription drug manufacturer.  (Kline Mot. 7.)  However, Clark is inapposite to the present case because the theory of liability there was not based upon failure to warn, but rather on the manufacturer's promotion of unapproved uses of the drug.  2008 Phila. Ct. Com. Pl. LEXIS 74, at *19-20.  Where, as here, the case is based on failure to warn, negligence is the sole theory upon which a plaintiff may recover against a manufacturer of prescription drugs.  Hahn, 673 A.2d at 891.  As such, Kline's Motion for Partial Reconsideration is denied.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KLINE, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 08-3238 |
| PFIZER, INC., | : |
| Defendant. | : |

## ORDER

**AND NOW**, this 6th day of January, 2009, upon consideration of Plaintiff Brian Kline's Motion for Partial Reconsideration of the Order Dismissing Count V and Count VI (Doc. No. 12), and the response thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE