IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KLINE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC.,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No. 08-3238 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**　　　　　　　　　　　　　　　　　JULY 20, 2009

Presently before the Court is Plaintiff Brian Kline's ("Kline") Motion for Reconsideration of this Court's Order Granting Defendant's Motion to Compel Discovery. For the reasons set forth below, Kline's Motion for Reconsideration is denied.

I. **FACTS**

Defendant Pfizer, Inc. ("Pfizer") is a prescription drug manufacturer responsible for the manufacture and distribution of the prescription smoking cessation drug, Chantix. Kline was prescribed and began using Chantix in July 2007. Shortly thereafter, Kline asserts that he began experiencing "manic behavior, aggressive and violent behavior and diagnosis of psychotic disorder for which [he] was hospitalized in August 2007." (Compl. ¶¶ 11, 19.) On July 10, 2008, Kline filed a Complaint against Pfizer in this Court, asserting a host of claims, including: negligence (Count I); strict liability (Count II); breach of express warranty (Count III); breach of implied warranty (Count IV); fraudulent misrepresentation (Count V); fraudulent concealment (Count VI); reckless and/or negligent misrepresentation & concealment (Count VII); gross negligence (Count VIII); and unjust enrichment (Count IX). Pfizer moved to dismiss the

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 9, 2008. On October 31, 2008, this Court entered an Order dismissing Counts II, III, IV, V, VI, VIII and IX of Kline's Complaint. On November 10, 2008, Kline filed a Motion for Partial Reconsideration of this Court's Order of October 31, 2008. We denied Kline's Motion for Partial Reconsideration by Order of January 6, 2009. By Order of March 31, 2009, this Court ordered the parties to submit a Joint Coordinated Plan of Discovery (the "Discovery Plan" or "Joint Discovery Plan") for approval after the parties had finalized the terms of the Discovery Plan. The parties submitted their Joint Discovery Plan for this Court's approval on April 21, 2009. We approved the parties' Joint Discovery Plan on April 24, 2009. On June 12, 2009, Pfizer filed a Motion to Compel Discovery, arguing that Kline had violated the Court's Order by failing to produce Plaintiff's Fact Sheet and authorizations for release of medical records ("HIPAA authorizations") and employment records, as agreed in the Discovery Plan adopted by this Court. This Court entered an Order on June 18, 2009, granting Pfizer's Motion to Compel and ordering Kline to produce the requested Fact Sheet, HIPAA authorizations, and authorization for release of employment records within two weeks of the Court's Order. On June 25, 2009, Kline filed a Motion for Reconsideration, asking that this Court vacate its Order of June 18, 2009, granting Pfizer's Motion to Compel Discovery.

## II.   STANDARD OF REVIEW

"The United States Court of Appeals for the Third Circuit has held that the purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994). Accordingly, a district court will grant a party's motion for reconsideration in any of three situations: (1) the

2

availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993). Federal courts have a strong interest in the finality of judgments, and motions for reconsideration should be granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Dissatisfaction with the Court's ruling is not a proper basis for reconsideration. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Therefore, a motion for reconsideration should not be used as a vehicle to "reconsider repetitive arguments that have already been fully examined by the court." EEOC v. Dan Lepore & Sons Co., No. 03-5462, 2004 WL 569526, at *2 (E.D. Pa. March 15, 2004).

### III. DISCUSSION

Kline advances numerous arguments in support of his Motion for Reconsideration. First, Kline argues that this Court should vacate its previous Order compelling Kline to produce the requested documents because the Order granting Pfizer's Motion to Compel was issued before Kline had an opportunity to file an opposition brief. Kline asserts that under Federal Rule of Civil Procedure 60 and Rule 7.1 of this Court's Local Civil Rules, he should have been given fourteen days from the filing of Pfizer's Motion within which to respond.

Nonetheless, neither Rule 60, nor Local Rule 7.1 is applicable here. Rule 60 governs relief from final orders only. Richards v. Jones, 551 F.2d 918, 921 (3d Cir. 1977); Doe v. Cape Henlopen Sch. Dist., No. 05-424, 2009 WL 1106877, at *2 (D. Del. Apr. 24, 2009) (stating a final order is "one which terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined").

3

Specifically, the Rule states, in relevant part:

> **(b) Grounds for relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b). As the Order granting Pfizer's Motion to Compel was not a final order, Rule 60 does not apply. See Doe, 2009 WL 11006877, at *2.

Additionally, Kline's argument under Local Rule 7.1 is unsupported by the language of the Rule itself. Local Rule 7.1 states:

> Every motion not certified as uncontested, or **not governed by Local Civil Rule 26.1(g)**, shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion. Unless the parties have agreed upon a different schedule and such agreement is approved under Local Civil Rule 7.4 and is set forth in the motion, or unless the court directs otherwise, any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief.

E.D. Pa. Civ. R. 7.1 (emphasis added). This Court's Order of June 18, 2009 clearly states that the Order was entered pursuant to Local Rule 26.1(g), making Rule 7.1 inapplicable. Rule 26.1(g) states:

> A routine motion to compel answers to interrogatories or to compel compliance with a request for production under Fed. R. Civ. P. 34, wherein it is averred that no response or objection has been timely served, need have no accompanying brief, and need have no copy of the interrogatories or Rule 34 request attached. The Court may summarily grant or deny such motion without waiting for a response.

4

E.D. Pa. Civ. R. 26.1(g). As such, under Local Rule 26.1(g), the Court has authority to grant a motion to compel without waiting for a response where a party has not objected to the underlying request. Here, not only has Kline not objected to the underlying request for documents, but Kline joined in the filing of the Joint Discovery Plan. Kline is obligated under the terms of the Discovery Plan to produce the documents. As such, this Court was within its authority to grant Pfizer's Motion to Compel without waiting for Kline to file a brief in opposition.

Kline next argues that he should not be compelled to produce the Fact Sheet or the HIPAA authorizations because the parties never agreed as to the language of the HIPAA authorizations or to the terms of the Fact Sheet. The Joint Discovery Plan that Kline filed with this Court addresses the issue of Fact Sheets and HIPAA authorizations, and states the following:

### VI.  PRODUCTION OF DOCUMENTS

  A.  Plaintiffs' Production of Fact Sheets, HIPAA Authorizations, and Documents.

Plaintiffs shall produce to Defendants a "Fact Sheet" for each Plaintiff. The parties shall continue to meet and confer regarding the content of the Fact Sheet.

  1.  Content of Fact Sheet and Authorizations.

  a.  Signature of Fact Sheet and Amendments by Plaintiff. All responses in a Fact Sheet or an amendment thereto are binding on the Plaintiff as if they were contained in responses to interrogatories. Each Fact Sheet and amendment thereto shall be signed and dated by the Plaintiff or the proper Plaintiff representative under penalty of perjury.

  b.  Five Blank Medical Authorizations Served with Fact Sheet. Each individual Plaintiff shall serve along with his or her Fact Sheet five originals of the "Authorization for the Release of Medical Records" of all health care providers and other sources of information and records (including but

5

> not limited to pharmacies, insurance companies, and/or any applicable state or federal government agencies) (collectively, "custodian of records"). The authorizations shall be dated and signed without setting forth the identity of the custodian of the records or provider of care. Pfizer may use blank authorizations to obtain the records from any custodian of record listed in the Fact Sheet and may use the blank authorizations to obtain records from other custodians by providing Plaintiffs' counsel notice of its intent to do so.
>
> . . . .
>
> d.   <u>Obligation to Cooperate by Providing Additional Authorizations</u>.
> If Pfizer wishes to obtain records from a custodian of records who will not accept the authorizations Plaintiff has submitted, Plaintiff will cooperate with Pfizer and provide the necessary authorization(s).
>
> 2.   <u>Schedule for Production of Fact Sheets</u>.
>
> a.   On or before May 31, 2009, Plaintiff shall produce the Fact Sheet, HIPAA authorizations, and related documents for all cases filed on or before March 1, 2009.

(Pl.'s Mot. for Recons., Ex. D, Section VI.)

In support of his argument, Kline points to a letter dated May 4, 2009, which he claims details the items about which the parties had not agreed at the time the parties entered into the Joint Discovery Plan. (<u>Id.</u>, Ex. B.) With respect to Kline's obligation to produce a Fact Sheet, Kline states in his letter of May 4, 2009, "[a]s I have repeatedly stated, I have not and will not review the draft you proposed until we reach an agreement on other matters. Further, when we consider your proposal, we will also seek a fact sheet from Pfizer." (<u>Id.</u> at 2.) Kline asserts that he is not obligated under the terms of the Discovery Plan to produce a Fact Sheet because the parties never discussed or agreed upon its terms. Nevertheless, the failure of the parties to reach an agreement on this issue appears to stem from Kline's admitted refusal to review the proposed

6

Fact Sheet presented to him by Pfizer. (See id.) Furthermore, Kline's refusal to review and discuss the terms of the Fact Sheet before May 31, 2009 is a violation of the Plan, which clearly required the parties to "meet and confer" regarding the content of the Fact Sheet and to have a final Fact Sheet submitted by May 31, 2009. (Id., Ex. D, Section VI, X.)

Kline's failure to produce HIPAA authorizations is similarly in contravention of this Court's Order adopting the parties' Joint Discovery Plan. Kline again points to his letter of May 4, 2009 to support his assertion that he should not be compelled to produce the HIPAA authorizations. (See id., Ex. B.) In his letter, Kline states the following with respect to the HIPAA authorizations:

> Authorizations: Plaintiffs had not received the proposed authorization forms when the Plan was finalized. Regardless, I specifically advised you that the authorizations are limited and only allow the Defendant to obtain the records. The authorizations do not allow any substantive conversations related to the information contained in the records sought. For example, the Defendant is not permitted to discuss the Plaintiff's claims, injuries, treatment, care, etc. with any treating health professionals. (Note, Plaintiffs have not received any response whatsoever to the minor edits we proposed within twenty-four hours of receiving the draft from Pfizer.) Further, although Pfizer insisted on deleting the language, Pfizer did agree to produce copies of documents obtained pursuant to the authorizations within thirty (30) days of receiving the same.

(Id.)

We disagree with Kline that anything stated in the letter of May 4, 2009, with regard to the HIPAA authorizations, excuses Kline from producing the authorizations, as agreed to in the Joint Discovery Plan. While Kline states that the Plaintiffs had not received the proposed authorizations before the Plan was finalized, Kline joined in the stipulation, requiring him to produce such authorizations by May 31, 2009. In addition, while Kline argues that the authorizations are limited solely to the records themselves and do not extend to any substantive

7

conversations relating to the information contained in the records, Kline has not asserted that the HIPAA authorizations at issue attempt to obtain anything more than the records themselves. Furthermore, if there was some dispute regarding the scope of the authorizations after the submission of the Plan, Kline had an obligation to take some affirmative action to resolve the dispute before the May 31, 2009 deadline.

Lastly, Kline argues that the Order compelling him to produce the requested documents should be vacated because Pfizer has failed to comply with Section VI(B) of the Discovery Plan. Section VI(B)(1) of the Discovery Plan requires that on or before May 31, 2009, Pfizer was to produce the "regulatory file regarding Chantix" and to "identify thirty individuals who had substantial involvement with Chantix." (Id., Ex. D, Section VI(B)(1).)

Kline apparently argues that Pfizer's failure to produce the information provided for in that Section entitles him to a reconsideration of this Court's previous Order compelling discovery. Nevertheless, a review of a letter dated June 1, 2009, from Pfizer's counsel to counsel for Kline, demonstrates that Pfizer did provide Kline with the identities of thirty individuals who had substantial involvement with Chantix. (See Def.'s Mot. Compel, Ex. 3.) Additionally, while Pfizer admits that it has not produced the regulatory file as required under the Discovery Plan, it appears that Pfizer's failure to produce the regulatory plan is due to Kline's refusal to sign a Confidentiality Order, despite the fact that one is required under Section X of the Joint Discovery Plan, as well as the fact that the parties agreed on the form of the Order at the time the Discovery Plan was submitted. Section X reads: "**Confidentiality Order**. The parties have agreed on a form of Confidentiality Order that shall be applicable to all actions covered by this coordinated procedure and discovery plan." (Pl.'s Mot. for Recons., Ex. D,

Section X.) In the letter of June 1, 2009, Pfizer asserts that it "stands ready and able to produce the regulatory file once plaintiffs decide to comply with the Plan and reach agreement on these issues." (See Def.'s Mot. Compel, Ex. 3.) Kline has produced no evidence to suggest that this is not the case. Also, Kline has already agreed to the form of the Confidentiality Order and agreed that such Order would apply to all actions under the Plan, yet Kline has offered no explanation as to why he has refused to sign the Confidentiality Order at issue. As such, we will not vacate our previous Order compelling discovery based on Kline's argument that Pfizer has not complied with the Plan, when Kline, himself, has offered no explanation for his own noncompliance.

     An appropriate Order follows.